United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-32763 |
| ERIC A. BRANDLER, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| ALESIA BRANDLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3022 |
| | § | |
| ERIC A. BRANDLER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
*Resolving ECF No. 9.*

Pending before the Court is a single matter self-styled as "Defendant Eric A. Brandler's Rule 12(b)(6) Motion To Dismiss Or, Alternatively, Rule 12(e) Motion For More Definite Statement"[1] filed by Eric A. Brandler on May 10, 2023. On May 30, 2023, Alesia Brandler filed her "Response To Defendant Eric A. Brandler's Rule 12(b)(6) Motion To Dismiss Or, Alternatively, Rule 12(e) Motion For More Definite Statement."[2] For the reasons set forth below, the Court issues the instant memorandum opinion and order.

### I.   FINDINGS OF FACT

**A.   Background**

1. On September 21, 2022, Eric Brandler ("*Debtor*" or "*Defendant*") filed his chapter 7 petition.[3]

2. On February 22, 2023, Alesia Brandler ("*Plaintiff*"), as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, filed "Complaint to Determine Dischargeability of Debt"[4] ("*First Complaint*") pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), initiating the instant adversary proceeding.

---

[1] ECF No. 9.
[2] ECF No. 10.
[3] Bankr. Case No. 22-32763 at ECF No. 1.
[4] ECF No. 1.

3. On March 20, 2023, the Court sua sponte ordered Plaintiff to amend the First Complaint to address its numerous shotgun pleadings in violation of Rules 8(a)(2) and 9(b).[5] Specifically, the Court ordered Plaintiff to file a more definite statement in the form of an amended complaint pursuant to Federal Rule of Civil Procedure 12(e).[6]

4. On April 10, 2023, Plaintiff filed her "First Amended Complaint to Determine Dischargeability of Debt" ("*Amended Complaint*") pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).[7]

5. On May 10, 2023, Debtor filed "Defendant Eric A. Brandler's Rule 12(b)(6) Motion to Dismiss or, Alternatively, Rule 12(e) Motion for More Definite Statement"[8] ("*Motion to Dismiss*").

6. On May 30, 2023, Plaintiff filed "Response to Defendant Eric A. Brandler's Rule 12(b)(6) Motion to Dismiss or, Alternatively, Rule 12(e) Motion for More Definite Statement"[9] ("*Plaintiff's Response*").

7. On July 18, 2023, the Court held a hearing on the Motion to Dismiss.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[10] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) & (I) this proceeding involves primarily core matters as it concerns the administration of the estate and determinations as to the dischargeability of particular debts.[11] Furthermore, this Court may only hear a case in which venue is proper.[12] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main chapter 7 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

### B. Constitutional Authority to Enter a Final Order

---

[5] ECF No. 5.
[6] *Id.*
[7] ECF No. 7.
[8] ECF No. 9.
[9] ECF No. 10.
[10] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[11] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[12] 28 U.S.C. § 1408.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[13] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[14] The parties have engaged in litigation in front of this Court, including filing numerous motions. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

## II.   ANALYSIS

In the Amended Complaint, Plaintiff brings seven total counts under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).[15] Specifically, these are: (1) Count One - 11 U.S.C. § 523(a)(2), property obtained by false pretenses, false representations, or actual fraud; (2) Count 2 – 11 U.S.C. § 523(a)(4), breach of fiduciary duty; (3) Count 3 – 11 U.S.C. § 523(a)(4), fraud while acting in a fiduciary capacity; (4) Count 4 – 11 U.S.C. § 523(a)(4), defalcation while acting in a fiduciary capacity; (5) Count 5 – 11 U.S.C. § 523(a)(4), embezzlement; (6) Count 6 – 11 U.S.C. § 523(a)(4), larceny; (7) Count 7 – 11 U.S.C. § 523(a)(6), willful and malicious injury.[16] In the Motion to Dismiss, Defendant argues that all seven counts in the Amended Complaint should be dismissed pursuant to Rule 12(b)(6), or in the alternative Plaintiff should be ordered to file a more definite statement pursuant to Rule 12(e).[17] The Court will discuss each in turn.

### A. Standards of Review

#### 1. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles. First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[18] "[A] formulaic recitation of the elements of a cause of action will not do.[19] Specifics are unnecessary, but some facts must support each element.[20] Second, the

---

[13] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[14] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").
[15] ECF No. 7.
[16] *Id.*
[17] ECF No. 9.
[18] *See* FED. R. CIV. P. 8(a) (made applicable by FED. R. BANKR. P. 7008).
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007).
[20] *See Ashcroft v. Iqbal, 556 U.S. 662* (2009).

complaint must state a claim "plausible on its face,"[21] meaning the plaintiff's right to relief must rise above a "speculative level."[22] Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts ... permit the court to infer more than the mere possibility of misconduct."[24] "A claim has facial plausibility when the plaintiff leads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[26]

Fraud claims must, in addition, meet Rule 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[27] "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[28]

Normally, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings, and must "accept[ ] as true those well-pleaded factual allegations in the complaint."[29] In addition to facts alleged in the pleadings, however, the Court "may also consider matters of which [it] may take judicial notice."[30] Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[31]

**2. Federal Rule of Civil Procedure 12(e)**

Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

---

[21] *Twombly,* 550 U.S. at 570.
[22] *Id.* at 555.
[23] FED. R. CIV. P. 8(a).
[24] *Iqbal,* 555 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[25] *Id.* at 678.
[26] *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955); *see also Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).
[27] FED. R. CIV. P. 9(b); see *Oppenheimer v. Prudential Sec. Inc*., 94 F.3d 189, 195 (5th Cir.1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd*., 1996 WL 97549, at *3 (5th Cir. 1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations).
[28] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir.2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir.2002)).
[29] *Hall v. Hodgkins*, 305 F. App'x. 224, 227–28 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994); *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).
[30] *Lovelace v. Software Spectrum, Inc*., 78 F.3d 1015, 1017–18 (5th Cir. 1996); see FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").
[31] *Norris v. Hearst Tr*., 500 F.3d 454, 461 n. 9 (5th Cir. 2007); see also *Cinel*, 15 F.3d at 1343 n. 6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

reasonably prepare a response."[32] The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[33] A Rule 12(e) motion may be appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice."[34] When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8.[35] Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[36] The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion.[37] Finally, a Rule 12(e) motion is not a substitute for the discovery process.[38]

### B. Whether Debtor's Motion to Dismiss should be granted

Although Debtor styles the Motion to Dismiss as a request for dismissal pursuant to Rule 12(b)(6) or, alternatively, a more definite statement pursuant to Rule 12(e), the basis of each argument is the same.[39] Debtor contends that Plaintiff failed to adequately address the concerns outlined by the Court in its March 20, 2023 Order.[40] As a result, Debtor argues that the Amended Complaint must either be dismissed or that Plaintiff be ordered to file a more definite statement.[41]

On March 20, 2023, the Court sua sponte ordered Plaintiff to submit a more definite statement pursuant to Rule 12(e).[42] In its Order, the Court noted that Plaintiff had committed the first type of shotgun pleading error by incorporating by reference each of the preceding paragraphs.[43] For example, in Count Seven of the First Complaint on page 17, Plaintiff stated "Alesia hereby realleges the allegations set forth in the preceding paragraphs and incorporates them as if fully set forth herein."[44] This practice was committed in each of the Seven Counts in the First Complaint. As the Court explained, this practice violates Rules 8(a)(2) and 9(b) because it leads to a "situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."[45]

In the Motion to Dismiss, Debtor argues that Plaintiff "fails to adequately address or cure the defects the Court cited in the March 20, 2023 Order."[46] Debtor asserts that Plaintiff's Amended Complaint is an "imprecise complaint[] that fail[s] 'to give the defendants adequate notice of the

---

[32] FED. R. CIV. P. 12(e); *see also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)").
[33] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).
[34] *Id.* at 514.
[35] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *see* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").
[36] *Adams v. Southland Trace*, 2012 U.S. Dist. LEXIS 198203, 2012 WL 12986191, at *5 (M.D. La. Feb. 29, 2012).
[37] *Id.*
[38] *Ford v. Cain*, 2016 U.S. Dist. LEXIS 13460, 2016 WL 447617, at *2 (M.D. La. Feb. 4, 2016).
[39] ECF No. 9.
[40] *Id.*
[41] *Id.*
[42] ECF No. 5.
[43] *Id.*
[44] ECF No. 1 at 17, ¶ 23.
[45] *Id.* (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015)).
[46] ECF No. 9 at 2, ¶ 5.

claims against them and the grounds upon which each claim rests.'"[47] Thus, Debtor contends that the Amended Complaint still violates Rule 8(a)(2) and, where fraud is alleged, Rule 9(b).[48]

As ordered by the Court, Plaintiff removed all instances of incorporation by reference of all preceding paragraphs in the Amended Complaint.[49] However, Plaintiff still fails to comply with Rules 8(a)(2) and 9(b). As the Court explained in great detail, the purpose of its Order pursuant to Rule 12(e) was to require the Plaintiff to connect the material facts and allegations to the relevant counts.[50] In the Amended Complaint, Plaintiff has gone to the other extreme by removing all references from its Seven Counts entirely.[51] Thus, Plaintiff fails to include a single citation in any of its Seven Counts to the nearly ten pages and 52 paragraphs of factual allegations. This results in the exact same issue that existed in the First Complaint.[52]

By failing to cite the relevant factual paragraphs there is no short and plain statement satisfying the requirements of Rule 8(a)(2), let alone the heightened pleading requirements of Rule 9(b). Once again, Plaintiff has improperly attempted to shift the burden to the Debtor and the Court. However, this practice simply does not satisfy Rules 8(a)(2) and 9(b). As such, Plaintiff has not rectified the shotgun pleading issues outlined in the Court's March 20, 2023. For these reasons, it is therefore:

**ORDERED**, that

1. "Defendant Eric A. Brandler's Rule 12(B)(6) Motion To Dismiss Or, Alternatively, Rule 12(e) Motion For More Definite Statement"[53] filed by Eric A. Brandler on May 10, 2023 is GRANTED in part.

2. Alesia Brandler, as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, shall have until August 1, 2023, to file a more definite statement in the form of an amended complaint pursuant to Federal Rule of Civil Procedure 12(e). Alesia Brandler, as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson must attach a redlined version (absent of any balloons or notes) to the amended complaint.

3. Failure by Alesia Brandler, as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, to file an amended complaint by August 1, 2023, rectifying the shotgun pleading violations outlined above will result in in the issuance of further orders including dismissal with prejudice.

4. If Alesia Brandler, as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, files an amended complaint in accordance with this

---

[47] *Id.* at 2, ¶ 5 (citing *Weiland*, 792 F.3d at 1321-23).
[48] *Id.*
[49] ECF No. 7.
[50] ECF No. 5.
[51] ECF No. 7.
[52] *Id.*
[53] ECF No. 9.

Court's order, Eric Brandler shall have until August 15, 2023, to file an answer to the amended complaint.

5. All relief requested in "Defendant Eric A. Brandler's Rule 12(b)(6) Motion To Dismiss Or, Alternatively, Rule 12(e) Motion For More Definite Statement"[54] but not expressly granted herein is DENIED.

SIGNED July 18, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[54] ECF No. 9.