United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-32763 |
| ERIC A. BRANDLER, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| ALESIA BRANDLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3022 |
| | § | |
| ERIC A. BRANDLER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Alesia Brandler ("*Plaintiff*"), as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, seeks to determine the non-dischargeability of a debt owed by Eric A. Brandler ("*Defendant*") pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6) based solely on an unsigned minute order entered by an Arizona state court. The Court granted a continuance at trial for the sole purpose of allowing the parties to submit briefings on whether an unsigned minute order was a final judgment under Arizona law. Plaintiff capitalized on the recess and obtained a signed judgement that incorporates the unsigned minute order. Plaintiff then filed a motion to reopen her case-in-chief and introduce the signed judgement into evidence to assert collateral estoppel. This comes after Plaintiff represented to this Court that, under Arizona law, the unsigned minute order is a final judgement with collateral estoppel effect. This Court now issues this Memorandum Opinion and accompanying order denying Plaintiff's motion to reopen her case-in-chief and granting judgement in favor of Defendant on all of Plaintiff's § 523(a) claims.

## I. BACKGROUND

**1. The Unsigned Minute Order and Signed Judgement**

This adversary proceeding arises out of a probate case brought by Plaintiff against Defendant in Maricopa County Superior Court in Arizona (the "*State Court*"), alleging, *inter alia*, breach of fiduciary duty by Defendant by mismanaging assets in his role as conservator and personal representative of David Dickerson and his estate (the "*State Court Action*").[1] On September 4, 2024, the State Court entered an unsigned minute order contemplating summary judgement in favor of Plaintiff in the State Court Action titled "Under Advisement Ruling Re: Motion for Summary Judgment as to Surcharge and Financial Exploitation" (the "*Unsigned Minute Order*").[2] The Unsigned Minute Order contains findings by the State Court that Defendant breached his fiduciary duty in his role as conservator by mismanaging assets of David Dickerson's estate.[3]

On October 17, 2024 the State Court entered a signed judgement (the "*Signed Judgement*") which references the Unsigned Minute Order and grants substantially similar relief to Plaintiff as the Unsigned Minute Order.[4] Specifically, both the Signed Judgement and Unsigned Minute Order award Plaintiff $450,752.84 for Defendant's wrongful removal of funds from David Dickerson's estate and $200,000 for unexplained and unaccounted losses in assets maintained by Defendant as conservator.[5] The Signed Judgement indicates that "[w]ith no further matters pending, this Judgment is entered pursuant to Ariz. R. Civ. P, Rule 54(c) as a final judgment as to all claims and

---

[1] ECF No. 20.
[2] ECF No. 92-23.
[3] ECF No. 92-23 at 7, 8.
[4] ECF Nos. 92-23, 103-1.
[5] ECF Nos. 92-23, 103-1.

parties."[6] Plaintiff now seeks to reopen her case-in-chief to introduce the Signed Judgement into evidence to utilize collateral estoppel.[7]

## 2. Procedural History

1. On February 22, 2023, Plaintiff, as agent of Rosemary Brandler and as successor personal representative of the estate of David Dickerson, filed her "Complaint to Determine Dischargeability of Debt (11 U.S.C. §§ 523(a)(2), (a)(4), & (a)(6))"[8] initiating this adversary proceeding.

2. On March 22, 2023, the Court granted a discharge to the Defendant.[9]

3. On August 1, 2024, the "Second Amended Complaint To Determine Dischargeability Of Debt (11 U.S.C. §§ 523(A)(2), (A)(4), & (A)(6))"[10] (the "*Complaint*") was filed by Plaintiff, objecting to discharge under §§ 523(a)(2), (4) and (6).

4. A trial on this adversary proceeding was held on September 30, 2024.

5. At trial, after Plaintiff rested her case-in-chief, the Court ordered briefing on admissibility of Plaintiff's Unsigned Minute Order and Defendant moved for a judgement under Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 7052(c) ("*Motion for Judgement*").[11]

6. On October 15, 2024, Plaintiff filed her brief styled as "Plaintiff Alesia Brandler's Supplemental Trial Memorandum" ("*Plaintiff's Brief*").[12]

7. On October 21, 2024, Defendant filed "Defendant Eric A. Brandler's Post-Trial Brief In Response To Alesia Brandler's Post-Trial Brief Mistitled As Plaintiff's 'Supplemental Trial Memorandum'" ("*Defendant's Brief*").[13]

8. On October 24, 2024, Plaintiff filed "Plaintiff Alesia Brandler's Expedited Motion For Leave To (1) Amend Exhibit List And (2) Re-Open Case-In-Chief As Judgment Has Been Entered" (the "*Motion to Reopen*").[14]

---

[6] ECF No. 103-1.
[7] ECF No. 103.
[8] ECF No. 1.
[9] Bankr. 22-32763 ECF No. 52. Citations to the debtor's main bankruptcy case shall take the form of "Bankruptcy 22-32763 ECF No. _"
[10] ECF No. 20.
[11] Sept. 30, 2024 Min. Entry.
[12] ECF No. 101.
[13] ECF No. 102.
[14] ECF No. 103.

9. On October 29, 2024, Defendant filed "Defendant Eric A. Brandler's Objection To Expedited Consideration Of Plaintiff Alesia Brandler's Expedited Motion For Leave To (1) Amend Exhibit List And (2) Re-Open Case-In-Chief" ("*Objection to Motion to Reopen*").[15]

10. On November 21, 2024, Defendant filed "Defendant's Response Opposition To Plaintiff's Motion For Leave To (1) Amend Exhibit List And (2) Re-Open Case-In-Chief" ("*Response to Motion to Reopen*").[16]

11. On December 13, 2024, the Court held a hearing and took the matters under advisement.

## II. JURISDICTION, VENUE AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11." An adversary proceeding falls within the Court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[17] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[18]

Furthermore, this Court may only hear a case in which venue is proper.[19] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[20] Debtor's main Chapter 7 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.[21]

---

[15] ECF No. 104.
[16] ECF No. 107.
[17] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987).
[18] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[19] 28 U.S.C. § 1408.
[20] 28 U.S.C. § 1409(a).
[21] Bankr. 22-32763 ECF No. 1.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[22] This Court finds that pursuant to 28 U.S.C. § 157(b)(2)(J), this proceeding contains core matters, as it pertains to objections to discharge.[23] Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[24] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[25] The September 28, 2023 scheduling order entered by this Court set October 30, 2023 as the deadline for the Plaintiff and Defendant to object to the entry of final orders by this Court on all non-core maters, and no party has objected to this Court's entry of a final order.[26] Thus, this Court wields the constitutional authority to enter a final order here.

### III.   ANALYSIS

The Court must decide two issues: (1) whether the Court should exercise its discretion to allow Plaintiff to reopen her case and (2) whether to grant Defendant's Motion for Judgement. The Court will consider each in turn.

---

[22] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[23] *See* 11 U.S.C. § 157(b)(2)(J).

[24] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional*.");* *see also Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[25] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. HN3 Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . ..").

[26] ECF No. 32.

1. **Motion to Reopen**

In her Motion to Reopen, Plaintiff requests leave to reopen her case-in-chief to introduce the Signed Judgment into evidence and provide testimony regarding the Signed Judgment.[27] Plaintiff argues there is good cause to reopen the case because (1) the Signed Judgment could not have been presented in the September 30, 2024 trial of this adversary proceeding; (2) there is no surprise to Defendant who participated in the State Court Action; and (3) the Signed Judgment unquestionably implicates collateral estoppel.[28]

A trial judge is granted broad discretion in deciding whether to allow a party to reopen their case to introduce relevant evidence they failed to present at trial.[29] Courts examine several factors in deciding whether to reopen a case to introduce new evidence, which include: "whether: (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) whether reopening will cause no undue prejudice to the nonmoving party."[30] If the reason for failing to introduce the evidence was due to "chicanery" or negligence, a court may properly deny a motion to reopen.[31] The particular criteria a trial court uses to determine whether to reopen are flexible and case-specific, but a trial court abuses its discretion if its refusal to reopen causes an "injustice" in the particular circumstances.[32]

At the September 30, 2024 trial held in this adversary proceeding for the non-dischargeability claims, Plaintiff rested her case after calling a single witness, the Plaintiff, who

---

[27] ECF No. 103.
[28] ECF No. 103.
[29] *See Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 331, 91 S. Ct. 795, 803 (1971).
[30] *Rivera-Flores v. P.R. Tel. Co.*, 64 F.3d 742, 746 (1st Cir. 1995); *Garcia v. Woman's Hosp.*, 97 F.3d 810, 814 (5th Cir. 1996).
[31] *Garcia*, 97 F.3d at 814.
[32] *Rivera-Flores.*, 64 F.3d at 746 (citing *Gas Ridge, Inc. v. Suburban Agric. Properties, Inc.,* 150 F.2d 363, 366 (5th Cir. 1945)).

provided testimony regarding the Unsigned Minute Order.[33] Plaintiff urged the Court to accept the Unsigned Minute Order as a final judgement, asserting that under Arizona law, a minute order is considered a final judgement even if it is not signed by a judge.[34] Thus, Plaintiff is relying on the collateral estoppel effect of the Unsigned Minute Order, despite the Bankruptcy Court declining to admit the Unsigned Minute Order into evidence at that time.[35]

The Court delayed ruling on Defendant's Motion for Judgement for the sole purpose of allowing the parties to submit briefing on whether the Unsigned Minute Order was a final judgement under Arizona law.[36] The Court admonished Plaintiff that if it declined to admit the Unsigned Minute Order into evidence, the Court would still rule on Defendant's Motion for Judgement with only considering the admissible evidence and testimony Plaintiff presented at trial.[37]

During the recess, on October 7, 2024, Plaintiff brought an expedited motion in the State Court, requesting the State Court to issue a signed final judgement incorporating the Unsigned Minute Order with Arizona Rule of Civil Procedure ("*ARCP*") 54(c) language (the "*Expedited Motion*").[38] The State Court granted Plaintiff's Expedited Motion by issuing the Signed Judgement on October 17, 2024.[39]

The Court finds that Plaintiff has not shown a bona fide failure to introduce the Signed Judgement into evidence before resting her case. Specifically, Plaintiff waited until after she closed her case-in-chief to file her Expedited Motion in the State Court.[40] Plaintiff either knew or should

---

[33] Sept. 30, 2024 Min. Entry.
[34] ECF No. 98 at 76.
[35] ECF No. 98 at 78–79.
[36] ECF No. 98 at 63.
[37] ECF No. 98 at 78.
[38] ECF No. 107-2.
[39] ECF No. 103-1.
[40] ECF No. 107-2.

have known that the Unsigned Minute Order could have been incorporated into a signed judgement as that is precisely what the State Court did at the request of Plaintiff.[41]

Moreover, although Plaintiff repeatedly urged this Court at the September 30, 2024 trial of this adversary proceeding that the Unsigned Minute Order was a final judgement, she was unable to cite any authority at the trial to support this assertion, and failed to notify the Court that the Unsigned Minute Order could have been incorporated into a signed judgement.[42] This demonstrates, at the very least, lack of due diligence by Plaintiff.

Accordingly, the Court finds that the circumstances here do not give rise to injustice to the Plaintiff, as she fully had the opportunity to articulate her entire case and chose to rely solely on an unsigned minute order based on express representations that such an order was sufficient. The Court thus denies Plaintiff's Motion to Reopen.

2. **Motion for Judgement**

At trial, Defendant moved for a "directed verdict."[43] The correct procedural vehicle in this proceeding is a motion for judgment on partial findings under Federal Rule of Civil Procedure ("*Rule*") 52(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7052, which permits a party to bring a motion for a judgement in a non-jury trial.[44] Thus, notwithstanding Defendant's description of his Motion for Judgement as a "directed verdict," the Court will review such motion as one brought under Rule 52(c).[45]

---

[41] ECF Nos. 107-2, 103-1.
[42] ECF No. 98 at 76.
[43] Sept. 30, 2024 Min. Entry; ECF No. 98 at 72–73 ("At this time we would move for a directed verdict.").
[44] FED. R. CIV. P. 52(c); FED. R. BANKR. P. 7052.
[45] *See Connolly v. Fiber Instrument Sales, Inc*. (*In re W. Integrated Networks, LLC*), No. CO-06-021, 2006 Bankr. LEXIS 2970, at *4 n.3 (B.A.P. 10th Cir. Aug. 25, 2006) ("A motion for directed verdict is not a proper procedural vehicle in a bench trial. The correct procedural vehicle is a motion for judgment as a matter of law under Federal Rule of Civil Procedure 52(c).").

Under Rule 52(c), if a party rests their case-in-chief or has been fully heard on an issue in a non-jury trial, and "the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."[46] "In addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in passing on a Rule 56 motion for summary judgment or a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder."[47] Judgment entered under Rule 52(c) is made after the trial court has heard all of the "evidence bearing on crucial issues of fact."[48]

At trial, to prove the elements of §§ 523(a)(2), (a)(4), and (a)(6) which this adversary proceeding is based on,[49] Plaintiff offered the Unsigned Minute Order containing the State Court's finding, that "in his role as conservator, [Defendant] financially exploited a vulnerable adult" and "at best . . . gross[ly] mismanage[d] . . . Estate funds."[50] The only other evidence offered is Plaintiff's own testimony regarding the Unsigned Minute Order.[51] In essence, Plaintiff's whole case relies on the asserted collateral estoppel effect of the Unsigned Minute Order.

ARCP 54(c) provides that a "judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)."[52] The Unsigned Minute Order does not contain any ARCP 54(c) language.[53] The

---

[46] FED. R. CIV. P. 52(c).
[47] *United States v. $242,484.00 in United States Currency*, 389 F.3d 1149, 1172 (11th Cir. 2004); *Nancy Jones v. Estate of Cole*, 483 F. App'x 468, 472 n.4 (10th Cir. 2012) (citing FED. R. CIV. P. 52(c) advisory committee's note); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 632 (5th Cir. 2001).
[48] *Samson*, 242 F.3d at 632.
[49] ECF No. 20.
[50] ECF No. 92-23; Sept. 30, 2024 Min. Entry.
[51] ECF No. 98.
[52] ARIZ. R. CIV. P. 54(c).
[53] ECF No. 92-23.

absence of ARCP 54 (c) language defeats finality of a judgment or order under Arizona law.[54] Moreover, the Unsigned Minute Order is not signed by a judge.[55] The Arizona Supreme Court made clear in *Focal Point*[56] that an unsigned order is not a final judgement because under ARCP 58, for a judgment to take effect, it "must be (1) written, (2) signed by a judge, and (3) filed with the clerk of the court."[57]

Defendant correctly asserts that under Arizona law, a court may enter a final judgement in the form of a minute entry but fails to cite any law to prove that a judgement is final even if it is not signed or does not include any ARCP 54(c) language.[58] Therefore, the Court declines to admit the Unsigned Minute Order into evidence as it is not a final judgement under Arizona law and has no collateral estoppel effect.[59] As the only other evidence presented is Plaintiff's own testimony regarding the Unsigned Minute Order, the Court finds that Plaintiff has not met her burden of proof under §§ 523(a)(2), (a)(4), and (a)(6) .[60]

Accordingly, the Court grants Defendant's Motion for Judgement as to Plaintiff's non-dischargeability claims under §§ 523(a)(2), (a)(4), and (a)(6) and finds that Defendant's debt owed to Plaintiff as set forth in Plaintiff's Amended Complaint filed at ECF No. 20 is not excepted from discharge.

---

[54] *Madrid v. Avalon Care Ctr.-Chandler, L.L.C*., 236 Ariz. 221, 223 24 ¶ 5, 338 P.3d 321 (App. 2014); ARIZ. R. CIV. P. 54(c) ("A judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c).").
[55] ECF No. 92-23.
[56] 717 P.2d 432.
[57] *Focal Point, Inc. v. Court of Appeals*, 129, 717 P.2d 432, 433 (1986); *Reid v. Reid*, 20 Ariz. App. 220, 221, 511 P.2d 664, 665 (1973); 844 F.2d 1171, (9th Cir. 1989) (applying *Focal*); ARIZ. R. CIV. P. 58 ("[A]ll judgments must be in writing and signed by a judge or a court commissioner duly authorized to do so.").
[58] ECF No. 101; *Focal Point*, 717 P.2d at 433–34.
[59] *See Garcia v. GMC*, 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ct. App. 1999); ARIZ. R. CIV. P. 58.
[60] *See In re Foreman*, 906 F.2d 123, 128 (5th Cir. 1990) (holding that creditor has burden of proof in § 523(a) discharge action).

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED January 10, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge